**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JOHN M. DAVIS**                                                                    **PETITIONER**
Reg # 84034-012

**VS.**                          **NO. 2:10-cv-00135-WRW-BD**

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

       The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.   Background**

Petitioner John M. Davis filed a pro se petition for a writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241, on September 16, 2010. At the time the case was filed, Petitioner was in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Complex ("FCC"), Forrest City, Arkansas.[1] In his petition, Petitioner contests the BOP's determination that he will receive $75.00 upon his release to a half-way house. Petitioner claims the BOP's determination violates 18 U.S.C. 3624(d). For the reasons set forth below, the petition must be DISMISSED.

**III.   Analysis**

A federal habeas corpus petition is required to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570 (2005). "'If it plainly appears from the

---

[1] Petitioner pled guilty in the United States District Court for the Western District of Oklahoma to possession of a firearm with the manufacturer's serial numbers removed or obliterated after the firearm had been transported in interstate or foreign commerce, a violation of 18 U.S.C. § 922(k). Petitioner was sentenced to sixty months in the BOP. On October 4, 2010, Petitioner filed a notice of change of address stating that he has been transferred to a half-way house in Oklahoma City, Oklahoma. (#4)

petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court, the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 125 U.S. at 656 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Rules 2 and 4 of the Rules Governing Section 2254 Cases are applicable to § 2241 petitions through Rule 1(b). *Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D. Ark. 2006) (citations omitted). To avoid summary dismissal, a petitioner must state facts that support each ground for relief claimed. *Mayle v. Felix*, 125 U.S. at 655 (citing Advisory Committee's Note on Habeas Corpus Rule 4).

In his petition, Petitioner claims the BOP will transport him to a half-way house on September 24, 2010.[2] Further, he alleges that he "has been told that he's getting only $75" upon his release. Petitioner claims that because of "BOP policy," he will not be allowed to leave the half-way house to search for a job until October 3, 2010, and he has "near-zero chance of acquiring any other monies before his release on October 26, 2010." He seeks "a Court order, compelling the Federal BOP to give Davis $425 ($500 max gratuity - the $75 already slated to be given to Davis)."

---

[2] Plaintiff previously filed a habeas petition contesting the BOP's determination that he would receive a five-to-six month placement in a Residential Reentry Center. See *Davis v. Outlaw*, No. 2:09cv00006, 2009 WL 3010920 at *1 (Sept. 17, 2009), aff'd, 362 Fed. Appx. 574, 2010 WL 290440 (8th Cir. 2010) (unpublished). This Court found that the BOP had acted in good faith and within its discretion and dismissed the petition with prejudice. *Id*. at *2.

    Title 18 of the United States Code provides, at section 3624(d):

> (d) Allotment of clothing, funds, and transportation. – Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with . . .
> (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; . . .

In his petition, Petitioner claims he is entitled to receive the full $500 allowed under the statute, rather than the $75 he anticipates receiving. Petitioner has not stated a claim upon which relief can be granted under 28 U.S.C. § 2241.

    A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489. On the other hand, "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004). A federal prisoner may raise a challenge to his conditions of confinement in a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

    Instead of seeking a change in the duration of his sentence, Petitioner seeks money. This Court cannot address this claim in a petition for writ of habeas corpus

brought under 28 U.S.C. § 2241, and it cannot grant the relief Petitioner seeks.[3]  See *Sumners v. Reese*, No. 5:07cv58, 2007 WL 1438982, at *2 (S.D. Miss. May 11, 2007) (petitioner's claims relating to his custody classification and the release gratuity are not habeas in nature).

Accordingly, the District Court should summarily dismiss the petition for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases.  See *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("[w]here petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ").

IV.     **Conclusion**

The Court recommends that the District Court dismiss John M. Davis's habeas corpus petition (#1), without prejudice, for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases.

DATED this 21st day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] If Petitioner wishes to challenge the conditions of his confinement, he must do so in a separate *Bivens* action which would be subject to the 1996 Prison Litigation Reform Act ("PLRA") and the PLRA's requirement that he pay the civil action filing fee of $350 rather than the $5 filing fee for habeas petitions.  A *Bivens* action is also subject to the PLRA's exhaustion provision set forth at 42 U.S.C. § 1997e(a), which requires dismissal of any action filed prior to exhaustion of administrative remedies.  See *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002).